PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. Cipriano Lopez-Machachepi          Docket Number: 05-cr-490-REB-01

**Petition on Supervised Release**

COMES NOW, Christopher J. Perez, probation officer of the court, presenting an official report upon the conduct and attitude of Cipriano Lopez-Machachepi who was placed on supervision by the Honorable Dee Benson sitting in the court at District of Utah Central Division, on the 18th day of February, 1998, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall not reenter the United States illegally. In the event that the defendant is released from confinement without being deported, he shall contact the United States Probation Office within 72 hours of release. If the defendant returns to the United States during the period of supervision after being deported, he is instructed to contact the United States Probation Office in the District of Utah within 72 hours of arrival in the United States.

**This case originated in the District of Utah (Docket No. 2:97-CR-322-DB). Jurisdiction was transferred to the District of Colorado on November 7, 2005 (Docket No. 05-cr-490-REB-01).**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER that the supervised release violation hearing in Docket No. 05-cr-490-REB-01, and the sentencing hearing in Docket No. 04-cr-283-REB-01, be consolidated for sentencing on February 12, 2006, at 1:30 p.m.

ORDER OF THE COURT

Considered and ordered this 23rd day of December, 2005, and ordered filed and made a part of the record in the above case.

s/ Robert E. Blackburn

Robert E. Blackburn
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

c/Christopher J. Perez

Christopher J. Perez
Supervising Probation Officer

Place: Denver, Colorado

Date: December 22, 2005

PROB 12
(02/05-D/CO)

# ATTACHMENT

Attached hereto as <u>Exhibit A</u> and incorporated by reference is a true copy of the Judgement and Order of Conviction signed by the Honorable Dee Benson, United States District Judge, District of Utah Central Division, on February 20, 1998 (District of Utah Docket No. 2:97-CR-322-DB).

Attached hereto as <u>Exhibit B</u> and incorporated by reference is a true copy of the Transfer of Jurisdiction order signed by the Honorable Dee Benson, United States District Judge, District of Utah Central Division, and the Honorable Lewis T. Babcock, Chief United States District Judge, District of Colorado. This order transferred jurisdiction from the District of Utah to the District of Colorado effective November 7, 2005.

The defendant has committed the following violations of supervised release:

**1.     Violation of Law: Distribution of a Schedule I Controlled Substance**

On or about March 9, 2004, the defendant committed the offense of Distribution of a Schedule I Controlled Substance, a Class 3 felony, which constitutes a Grade A violation of supervised release.

This charge is based on the following facts:

On April 12, 2004, a 12-count complaint was filed in the Denver District Court, Denver, Colorado, Case No. 04-CR-1383, charging the defendant with Counts 1 and 2: Conspiracy to Distribute a Schedule I Controlled Substance, Class 3 felonies; Count 3: Distribution of a Schedule I Controlled Substance, a Class 3 felony; Counts 4 and 5: Possession with Intent to Distribute a Schedule I Controlled Substance, Class 3 felonies; Count 6: Possession of Over 1 Gram of a Schedule I Controlled Substance, a Class 3 felony; Counts 7, 8, 10, and 11: Possession with Intent to Distribute a Schedule II Controlled Substance, Class 3 felonies; and Counts 9 and 12: Possession of Over 1 Gram of a Schedule II Controlled Substance, Class 4 felonies. The date of the offenses alleged in the complaint is March 9, 2004. The defendant was charged under the name Jose Alfredo Ortiz.

On June 29, 2004, the defendant appeared before the Honorable R. Michael Mullins, Denver District Court Judge, and pleaded guilty to Count 3: Distribution of a Schedule I Controlled Substance, a Class 3 felony. In exchange for this plea, the remaining eleven counts were dismissed. The defendant was sentenced to four (4) years imprisonment to be served concurrently with his pending federal case. The defendant was represented by Deputy State Public Defender Kevin Pauly.

**2.     Violation of Law: Unlawful Re-entry Following Deportation After Conviction for an Aggravated Felony**

On or about March 9, 2004, the defendant committed the offense of Unlawful Re-entry Following Deportation After Conviction for an Aggravated Felony, in violation of 8 U.S.C. § 1326(a) and (b)(2), which constitutes a Grade A violation of supervised release.

This charge is based on the following facts:

On June 23, 2004, a one-count Indictment was filed in the United States District Court, District of Colorado, Docket No. 04-cr-283-REB-01, charging the defendant with Unlawful Re-entry Following Deportation After Conviction for an Aggravated Felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). This offense is a Class C felony. The date of the offense alleged in the Indictment is March 9, 2004. The defendant was charged under the name Israel Guardiola-Haro.

PROB 12
(02/05-D/CO)

On December 9, 2005, the defendant appeared before the Honorable Robert E. Blackburn, United States District Judge, District of Colorado, and pleaded guilty to the Indictment. Sentencing is scheduled on February 17, 2006, at 1:30 p.m.

**3.    Special Condition: The defendant shall not enter the United States illegally/Failure to report for supervision**

On February 18, 1998, the defendant was sentenced under the name Cipriano Lopez-Machachepi to 57 months imprisonment and three (3) years supervised release following his conviction of Re-entry of a Deported Alien, in violation of 8 U.S.C. § 1326 (District of Utah Docket No. 2:97-CR-322-DB). One special supervised release condition was imposed:

> "The defendant shall not reenter the United States illegally. In the event that the defendant is released from confinement without being deported, he shall contact the United States Probation Office within 72 hours of release. If the defendant returns to the United States during the period of supervision after being deported, he is instructed to contact the United States Probation Office in the District of Utah within 72 hours of arrival in the United States."

The defendant was arrested in the District of Colorado on March 9, 2005. Bureau of Immigration and Customs Enforcement records reflect the defendant illegally returned to the United States following his deportation to the Republic of Mexico on or about February 26, 2002, and subsequent to his conviction in District of Utah Docket No. 2:97-CR-322-DB. United States Probation Office records for the District of Utah and the District of Colorado reflect the defendant did not report for supervision upon his return to the United States.